UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY MATTOS, | ) | 1:07-cv-01020-OWW-JMD-HC |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR HABEAS CORPUS |
| D. SMITH, et al., | ) | |
| Respondents. | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Timothy Mattos ("Petitioner") is a federal prisoner proceeding pro se in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner is currently in the custody of the United Stated Bureau of Prisons ("BOP") pursuant to a judgment entered on June 13, 2006. (Pet., Ex. 1). Petitioner is housed at the Federal Prison Camp in Atwater, California. (Pet. at 3).

The trial court sentenced Petitioner to a term of seventy months and ordered Petitioner to pay restitution in the amount of $21,266,185.00. (Pet., Ex. 1). The court ordered payment to begin immediately upon the imposition of Petitioner's sentence, however, the court did not specify a payment schedule. (Pet., Ex.1).

On July 18, 2007, Petitioner filed the instant petition for writ of habeas corpus pursuant to section 2241.

The Court ordered Respondents to file responsive pleading addressing the merits of Petitioner's petition, and Respondents submitted a response to the petition on January 1, 2008. Petitioner filed a traverse to Respondents' response on February 11, 2008.

**Factual Background**

On February 7, 2006, Petitioner pled guilty to two counts of fraud in connection with computers and one count of criminal forfeiture. (Pet. at 3). In addition to imposing a seventy-month term of incarceration, the trial court ordered Petitioner to pay $21,266,185.00 in restitution, due immediately. (Pet., Ex.1).

The restitution order states, "payment of criminal monetary penalties is due during imprisonment." Id. The restitution order further provides: "all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." Id. Thus, while the restitution order *permits* Petitioner to participate in the BOP's Inmate Financial Responsibility Program ("IFRP"), the order does not *require* Petitioner to make payments through the IFRP.[1] Sometime after his arrival at the Atwater Federal Prison Camp, Petitioner signed an Inmate Financial Contract pursuant to which Petitioner agreed to participate in the IFRP. (Pet. at 3; Answer, Ex. 3).

Petitioner contends that the trial court erred by failing to set a precise schedule for Petitioner's restitution payments and that the court's failure to set a precise payment schedule amounts to an impermissible delegation of the court's scheduling duty to the BOP.

**Discussion**

**I. Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

---

[1] The BOP's IFRP applies to nearly all post-trial inmates in federal facilities. 28 C.F.R. § 545.10. Under the IFRP, unit staff develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. § 545.11. An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences. See 28 C.F.R. §§ 545.11(d).

execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. A federal prisoner may challenge the terms of a restitution order in a habeas corpus petition pursuant to section 2241. See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's claim and holding that voluntary participation in IFRP did not warrant any relief under 2241); Montano-Figueroa,162 F.3d 548, 549 (reaching the merits of petitioner's section 2241 challenge to IFRP as applied to payment of criminal fines); see also Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006) (declining to grant relief under section 2241 because petitioner failed to challenge restitution order on direct appeal and could not demonstrate exceptional circumstances excusing such failure); but see Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (petitioner's claim characterized as a challenge to the validity of sentence and thus not cognizable under section 2241); Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114 (5th Cir. 1990) (holding that district court properly dismissed petitioner's section 2241 claims regarding alleged error in monetary assessment imposed with sentence because such error is properly challenged under 28 U.S.C. § 2255).[2]

A petitioner filing a petition for writ of habeas corpus under section 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner is currently in the custody of the Atwater Federal Prison Camp in California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District.

**II. Analysis of Petitioner's Claim**

    **A. Exhaustion**

Ordinarily, federal prisoners must exhaust their judicial and administrative remedies before filing a habeas action in federal court. See, e.g., Morrison Co.v. CHG International, Inc.,811 F.2d 1209, 1224 (9th Cir. 1987).

---

[2] As Respondents correctly point out, the Ninth Circuit has foreclosed section 2255 relief with respect to Petitioner's claim. See United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) (prisoners may not challenge restitution orders under section 2255).

However, as the exhaustion requirement is not jurisdictional, "application of exhaustion rules is a matter committed to the discretion of the district court." Id. (citations omitted). Futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Petitioner concedes he did not exhaust his administrative remedies. (Pet. at 3). However, no administrative remedy is available to Petitioner with respect to the alleged error committed by the trial court. Although it is clear Petitioner has an administrative remedy with respect to the BOP's scheduling of his restitution payments, see 28 C.F.R. § 542.10 *et seq.*, no administrative remedy is sufficient to correct the precise error of which Petitioner complains: the trial court's failure to set a detailed restitution payment schedule. With respect to Petitioner's judicial remedies, Respondents concede that no judicial remedies are available to Petitioner at this time, as Petitioner's plea agreement contains a waiver precluding any challenge to his sentence. (Answer, p.7). Further, Petitioner is now time-barred from a direct appeal. Because the Court finds that exhaustion of Petitioner's judicial and administrative remedies would be futile, the Court proceeds to address the merits of the petition. See Laing, 370 F.3d at 1000-01.

**B. The Restitution Order Does Not Delegate the Scheduling of Payments to the BOP**

Petitioner contends that the restitution portion of his sentence is contrary to federal law because the trial court failed to set a restitution schedule. (Pet. at 5). Petitioner states that the trial court's failure to set a restitution schedule amounts to a violation of the rule set forth in United States v. Gunning, 401 F.3d 1145, 1149-51 (9th Cir. 2005), which holds that the trial court's duty to set a restitution schedule under the Mandatory Victims Restitution Act of 1996 ("MVRA") is non-delegable, see 18 U.S.C. § 3664(f)(2).

Gunning is of no avail to Petitioner. In Gunning, the trial court's order expressly delegated the task of determining the petitioner's restitution schedule to the BOP via the IFRP guidelines. 401 F.3d at 1150. Unlike the restitution order at issue in Gunning, Petitioner's restitution order does not *require* Petitioner to participate in the IFRP. (Answer, Ex. 3). To the contrary, the order provides: "all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." Id.

Petitioner's contention that the restitution order delegates the scheduling of Petitioner's restitution payments to the BOP fails in light of the express language of the restitution order.  Further, Petitioner concedes that he signed an Inmate Financial Contract pursuant to which he agreed to participate in the IFRP. (Pet. at 3; Answer, Ex. 3). "While the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the statute ...places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments." Lemoine, 546 F.3d at 1048.  Accordingly, Petitioner's restitution order does not violate the rule set forth in Gunning, as the trial court did not delegate the scheduling of Petitioner's payments to the BOP.

**C. Any Sentencing Error Was Harmless**

Petitioner is entitled to relief only if the sentencing error in his case is not harmless. E.g., Butler v. Curry, 528 F.3d 624, 647 (9th Cir. 2008) (citing Washington v. Recuenco, 548 U.S. 212, 219 (2006)).  Under the MVRA, a "restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664.  Assuming, without deciding, that the trial court's restitution order is deficient for lack of a detailed payment schedule, Petitioner is not entitled to relief under section 2241 because he has not suffered any harm as a result of the sentencing error. Butler, 528 F.3d at 647.

To the extent Petitioner contends that a court-ordered restitution schedule would have required him to pay less per month than his current payment schedule under the IFRP, the trial court's failure to set restitution schedule was rendered harmless when Petitioner voluntarily agreed to participate in the IFRP.[3]  See Lemoire, 546 F.3d at 1048 (MVRA does not prohibit prisoner from voluntarily agreeing to pay more than required by the court-ordered restitution schedule).  To the

---

[3] In his traverse, Petitioner contends, for the first time, that his participation in the IFRP is mandatory because failure to participate would have resulted in adverse consequences for Petitioner. (Travers, p.2; 4).  Lemoine disposes of Petitioner's voluntariness argument.  546 F.3d at 1049 (adverse consequences of failure to participate in IFRP do not render prisoner's participation in IFRP involuntary.)

extent the trial court would have required Petitioner to pay more per month than he is currently required to pay under the IFRP, Petitioner cannot argue that he has been harmed by the trial court's error.  Accordingly, the trial court's failure to set a detailed restitution schedule was, at worst, harmless error, and Petitioner is not entitled to relief under section 2241.[4]

### **Recomendation**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 18, 2009            /s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner seeks to raise an additional sentencing error in his traverse. (Traverse, p. 2). Petitioner cites 18 U.S.C. § 3663 (c)(1) for the proposition that restitution may not exceed the amount of criminal fines imposed by the sentence. Id.  Section 3663(c), however, applies only to "a defendant convicted of an offense described in section 401, 408(a), 409, 416, 420, or 422(a) of the Controlled Substances Act," and thus does not apply to Petitioner. 18 U.S.C. § 3663(c).